IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WHITNEY RICKMAN AND §<br>BRYCE RICKMAN, INDIVIDUALLY, §<br>AND AS NEXT FRIENDS OF §<br>BCR, A MINOR §<br>§<br>    Plaintiffs §<br>§<br>VS. §<br>§<br>GRADIE E. MOORE, M.D., §<br>TEXOMA WOMEN'S CLINIC, P.A., §<br>LAURA SHERMAN CASILLAS, R.N., §<br>AND UNITED REGIONAL §<br>HEALTHCARE SYSTEM, INC. §<br>§<br>§<br>    Defendants §| | CIVIL ACTION NO. 7:16-cv-00025-O |

**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES**

**1.**     Pursuant to Fed. R. Civ. P. 12(f), Plaintiffs challenge the sufficiency of the affirmative defenses pled by Defendants Gradie E. Moore, M.D., Texoma Women's Clinic, P.A. United Regional Healthcare System, Inc., and Laura Sherman Casillas R.N. as such affirmative defenses lack sufficient allegations of facts to be facially plausible. Further, in the alternative, the affirmative defenses lack sufficient factual basis as to meet the fair notice requirements of Fed. R. Civ. P. 8. Accordingly, Plaintiffs are requesting that the Court issue an Order striking such pleadings, subject to the Defendants' failing to timely amend with more factual specificity, or in the alternative, an Order dismissing such affirmative defenses under Fed. R. Civ. P. 12(b)(6).

2.  More specifically, Plaintiffs challenge the sufficiency of the following affirmative defenses pled by each of the aforementioned Defendants:

   A.  **Gradie Moore, M.D. and Texoma Women's Clinic, P.A.**

   1) Affirmative Defense 7 – Unavoidable accident;

   2) Affirmative Defense 8 – New and Independent cause; and

   3) Affirmative Defense 8 – Sole proximate cause of unrelated, independent entities.

   B.  **United Regional Healthcare System, Inc. and Laura Sherman Casillas, R.N.**

   1) Par. 44 – New and Independent Cause;

   2) Par. 45 – Pre-existing, co-existing and subsequent condition;

   3) Par. 46 – Unavoidable accident; and

   4) Par. 47 – Sole proximate cause of unrelated, independent individuals and entities;

3.  Plaintiffs were served with answers to Plaintiffs' complaint by United Regional Healthcare System, Inc./Laura Sherman Casillas, R.N. and Gradie E. Moore, M.D./Texoma Women's Clinic, P.A. on March 11, 2016. Therefore, the instant motion is timely. Plaintiffs do not bring this motion for purposes of delay, but wish to have the factual basis for Defendants' affirmative defenses clarified to aid in efficient discovery and expeditious preparation of the case for resolution.

4.  Plaintiffs are filing this motion subject to the parties meeting and conferring in compliance with the Court's Rule 26(f) Scheduling Conference Order.  This meet and confer is scheduled to take place in Dallas, Texas on April 6, 2015.  It is hoped that the

parties may be able to reach an agreement with regard to Plaintiffs' objections to Defendants' affirmative defenses at issue at that time.

5.     If the parties have not reached an agreement in these regards by the time the parties submit their joint Rule 26(f) report to the Court, Plaintiffs request that the Court issue an Order requiring Defendants to amend promptly to set out sufficient facts supporting their affirmative defenses in order to provide Plaintiffs with fair notice of what the factual basis is for the affirmative defenses are being raised and why, or in the alternative, an Order striking such defenses.

## PRAYER

IN VIEW OF THE FOREGOING CONSIDERATIONS, Plaintiffs pray that this motion in all things be granted and that and for all other relief that the Court in its inherent power and discretion deems warranted to achieve the fair and efficient administration in this cause.

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES**                                                                       Page 3 of 6

Respectfully submitted,

**AVERSANO & GOLD**

*/s/ Paul N. Gold*
_____
**PAUL N. GOLD**
State Bar No. 08069700
pgold@agtriallaw.com
**DONNA M. AVERSANO**
State Bar No. 00783573
daversano@agtriallaw.com
933 Studewood, 2nd Floor
Houston, Texas 77008
(713) 426-5600 Telephone
(713) 426-5601 Facsimile

**ALTMAN LEGAL GROUP**
**BRAD ALTMAN**
State Bar No. 00796120
brad@altmanlegal.com
2525 Kell Blvd., Suite 500
Wichita Falls, Texas 76308
(940) 761-4000 Telephone
(940) 766-3327 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On March 29, 2016, Plaintiff's counsel circulated for Defendants' consideration and response a draft Motion, along with the supporting Brief, for counsel's review. Plaintiffs' counsel requested that Defendants each let Plaintiffs' counsel know whether each would agree to amend before the meet and confer on April 6, 2016. No agreement has been reached.

On March 30, 2016, Counsel for Plaintiff, Paul N. Gold conferred with Stephen Madsen, Counsel for Defendants United Regional Healthcare System, Inc. and Laura Sherman Casillas, R.N. Mr. Madsen did not reveal his clients' position on the matter, but recommended that the parties defer discussion of the motion until the Rule 26(f) meet and confer on April 6, 2016. Plaintiffs' counsel responded that since there is an April 1 deadline for filing the motion to strike, Plaintiffs' counsel would proceed with filing the motion, subject to conferring about the motion on April 6, as proposed by Mr. Madsen, and notify the Court of the status of discussions and agreements, if any, in the parties' Joint Rule 26(f) Report to the Court. At the time of this filing, no response has been received from David Criss, counsel for Defendants Gradie Moore, M.D. and Texoma Women's Clinic, P.A. It therefore is assumed he and his client are opposed to the motion.

*/s/ Paul N. Gold*

_____
**PAUL N. GOLD**

## CERTIFICATE OF SERVICE

I certify that that have on this 31st day of March 2016 served a copy of this document on counsel for Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. in accordance with Fed. R. Civ. P. 5 and L.R. 5.1.

*/s/ Paul N. Gold*

_____
**PAUL N. GOLD**