IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WHITNEY RICKMAN AND<br>BRYCE RICKMAN, INDIVIDUALLY,<br>AND AS NEXT FRIENDS OF<br>BCR, A MINOR<br><br>　　Plaintiffs<br><br>VS.<br><br>GRADIE E. MOORE, M.D.,<br>TEXOMA WOMEN'S CLINIC, P.A.,<br>LAURA SHERMAN CASILLAS, R.N.,<br>AND UNITED REGIONAL<br>HEALTHCARE SYSTEM, INC.<br><br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:16-cv-00025-O |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

1.　The Defendants' affirmative defenses in this instance provide neither facial plausibility under ***Iqbal Twombly***[1] nor fair notice under Fed. R. Civ. P. 8(c) and 12(f). Accordingly, the Court should strike Defendants' affirmative defenses subject to Defendants failing to amend their defenses to set out sufficient facts such that the affirmative defenses are facially plausible. In the alternative, Defendants should set out sufficient facts as to provide the Plaintiffs with fair notice of the affirmative defense and why it is being alleged.

2.　While the Fifth Circuit has yet to address the issue of whether ***Iqbal/Twombly*** applies to affirmative defenses, the Northern District of Texas, Wichita

---

[1] ***Ashcroft v. Iqbal,*** 129 S.Ct. 1937 (2009); ***Bell Atlantic Corp. v. Twombly,*** 550 U.S.544 (2007).

Falls Division, has held that it does not. ***Klein v. Federal Insurance Co***., 2014 WL 4476556, at *5 (N.D.Tex. Sept. 11, 2014) (Fitzwater, C.J.). However, a defendant must do more than merely plead a boilerplate affirmative defense. There must be a sufficient factual basis for an affirmative defense to provide the Plaintiff fair notice. ***Id*** at *5, citing ***Woodfield v. Bowman***, 193 F.3d 354, 362 (5th Cir. 1999).

> Although ... in some instances merely pleading the name of the affirmative defense may be sufficient, a 'fact-specific inquiry' is required to determine whether the pleadings set forth the 'minimum particulars' needed to ensure the plaintiff is not the victim of unfair surprise.
> Id at 362.

3.     Fed. R. Civ. P. 12(f) provides that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' affirmative defenses in this instance are insufficient as a matter of law. ***Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.***, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."). The instant allegations are boilerplate articulations of various affirmative defenses.  These affirmative defenses are insufficient as a matter of law because no factual basis is provided in connection with the asserted affirmative defenses.

## PRAYER

IN VIEW OF THE FOREGOING CONSIDERATIONS, Plaintiffs pray that this motion in all things be granted and that and for all other relief that the Court in its inherent power and discretion deems warranted to achieve the fair and efficient administration in this cause.

        Respectfully submitted,

        **AVERSANO & GOLD**

        */s/ Paul N. Gold*

        _____
        **PAUL N. GOLD**
        State Bar No. 08069700
        pgold@agtriallaw.com
        **DONNA M. AVERSANO**
        State Bar No. 00783573
        daversano@agtriallaw.com
        933 Studewood, 2nd Floor
        Houston, Texas 77008
        (713) 426-5600 Telephone
        (713) 426-5601 Facsimile

        **ALTMAN LEGAL GROUP**
        **BRAD ALTMAN**
        State Bar No. 00796120
        brad@altmanlegal.com
        2525 Kell Blvd., Suite 500
        Wichita Falls, Texas 76308
        (940) 761-4000 Telephone
        (940) 766-3327 Facsimile

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I certify that that have on this 31ˢᵗ day of March 2016 served a copy of this document on counsel for Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. in accordance with Fed. R. Civ. P. 5 and L.R. 5.1.

                                                      */s/ Paul N. Gold*

                                                      _____
                                                      **PAUL N. GOLD**