## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **WHITNEY RICKMAN AND BRYCE RICKMAN, INDIVIDUALLY, AND AS NEXT FRIENDS OF BCR, A MINOR** | § § § § § | |
| **Plaintiffs** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 7:16-cv-00025-O** |
| **GRADIE E. MOORE, M.D., TEXOMA WOMEN'S CLINIC, P.A., LAURA SHERMAN CASILLAS, R.N., AND UNITED REGIONAL HEALTHCARE SYSTEM, INC.** | § § § § § § § | |
| **Defendants** | § § | |

### PLAINTIFFS' BRIEF IN REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

**1.**     While the parties at this point probably have adequately outlined the legal standards that pertain to pleading affirmative defenses in the Fifth Circuit, there remains a disagreement about the application of those standards to what the Defendants actually have pled in this case. More specifically, the dispute centers on whether Defendants' respective affirmative defense allegations are pled with sufficient factual particularity. Plaintiffs continue to contend that Defendants' affirmative defenses are not pled with sufficient factual particularity. Defendants' failure to properly plead in this regard is both improper and prejudicial.

**2.**     As delineated in Plaintiffs' motion, Defendants have pled unavoidable accident, pre-existing condition, new and independent cause, and sole proximate cause.

Defendants appear to argue that these defenses, if proven, are viable defenses and that all they have to do is essentially assert such defenses by name to comply with the Federal Court pleading requirements. Sometimes the Defendants embellish an alleged defense with some verbiage, but a close reading of Defendants' allegations reveals little in the way of facts. Additionally, there is frequently no support offered for the alleged defense. Most notably in this latter regard, each Defendant alleges that the act of some "other" individual was an intervening or superseding cause of Plaintiffs' injuries, but neither Defendant reveals who or why the "other" is the superseding cause. The primary flaw in Defendants' approach and analysis is that Defendants must do more than merely plead an affirmative defense and offer some speculation in support of the claim. There must be some factual basis for the allegation.

3.     Defendants' apparent strategy is that by alleging a "bare bones" affirmative defense that they then will be entitled to engage in extensive "fishing" during discovery in a vain attempt to factually support the affirmative defense. This is borne out by Defendants' representation in the Joint Rule 26F report that they want "unfettered" discovery into Plaintiffs' complete medical histories, rather than being constrained by what actually has been placed in issue by the pled claims and defenses. They base this upon a skeletal claim of pre-existing condition.   Such a strategy is in contravention of the policies underlying the Federal Rules and particularly the amendments to Rule 26 that recently went into effect. The Federal Rules, which emphasize the importance of proportionality, tacitly repudiate "fishing" as being counterproductive to Fed. R. Civ. P. 1.

4.     Affirmative defenses are to be treated the same as a Complaint. For any pleading in Federal Court, there should be a factual basis. Otherwise, the attempt at trying

to constrain discovery to the substantive matters at issue will be futile. Defendants' approach is similar to the practice that preceded the amendments to the Federal Rules changing the scope of discovery from subject matter relevance to relevance to the claims and defenses pled in the lawsuit. This type of broad, unrestrained discovery has been rejected by the U.S. Supreme Court, particularly since Fed. R. Civ. P. 26 has been amended changing the scope of relevance from subject matter to claims and defenses pled.

     5.     Under the "claims and defenses" concept of relevancy embraced by Rule 26, pleadings inform the scope of discovery. This is evident in the ***Martin v. Allstate Insurance Co***., 292 F.R.D. 361 (N.D. Tex. Dallas Div. 2013), an employment discrimination case in which the Plaintiff's complaint alleged that "in the year or two before she was fired . . . Defendant began a campaign to rid itself of older employees." The Court observed that the allegation "supports Defendant's position that discovery should be limited to two years prior to Plaintiff's termination."

> Further, while the scope of discovery is broad, Plaintiff's request for information about the origins of the survey appears to be a fishing expedition. Rule 26(b)(2) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." ***Murphy v. Deloitte & Touche Group Ins***. 619 F.3d 1151, 1163 (5th Cir. 2010); *see also;* ***Crawford-El v. Britton****, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed 2d 729 (1998)* ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

***Supra*** at 367. It is clear from this holding that 1) factual pleading is important for identifying the substantive issues in the case and 2) discovery should be relevant to what is actually pled and tailored to such pled claims and defenses. A case that further makes this point is ***Tompkins v. Walmart Stores, Inc***., 2011 WL 4056215 (E.D. Tex. Tyler Div.

2011). While it is a *qui tam* case involving claims of false patent advertising and the application of Rule 9(b), it is clear from the holding that the Court ties the scope of discovery to what is actually pled.

> By eliminating insufficient pleadings at the initial stage of litigation, Rule 9(b) prevents relators using discovery as a fishing expedition." ***In re BP Lubricants USA Inc.***, 637 F.3d 1307, 1310 (Fed. Cir. 2011).

*Supra* \*3.

6.      Plaintiffs wish to get this case prepared for resolution expeditiously and efficiently. Discovery should be tailored to aid this goal. Wasteful "fishing," however, is anathema to this goal, both in terms of time and expense. Toward this end, Plaintiffs are requesting that the Court compel Defendants to more specifically and factually set out the basis of their respective affirmative defenses. There is no reason that Defendants should not be able to comply with this basic requirement.

7.      A medical malpractice case, such as the instant one, is different from most personal injury cases in that the Defendants are in the position of having superior knowledge and documentation relevant to the occurrence in question. Dr. Moore was Whitney Rickman's obstetrician and presumably has access to all the relevant data that was and could have been obtained about Whitney and her baby prior to labor and delivery. If there were concerns about the viability or health of the fetus or the mother's condition that might predispose the baby to harm, Dr. Moore would be in the superior position to know and possess these data. Similarly, if there were a pre-existing condition that plays a role in the claim, Dr. Moore should know the facts relevant to such a claim.

8.      Plaintiffs' claims of negligence arise from Whitney's labor and delivery of the minor Plaintiff. Presumably, the care providers who would have been involved in the

labor and delivery are the Defendants, their agents, and employees. But if not, the Defendants are in a superior position to know who else was involved and should reveal these individuals so that they may be joined in the lawsuit, if appropriate. Each Defendant alleges that the intervening acts of "others" were a proximate or sole proximate cause of the occurrence and the Plaintiffs' injuries. There is no reason or justification for Defendants not to reveal who the "others" are and what acts or omissions, if any, were a proximate cause of Plaintiffs' alleged injuries.

9.      Under Tex. Civ. Prac. & Rem. Code § 74, Plaintiffs are required to produce expert reports within 120 days of filing suit setting out the standard of care applicable to each Defendant, the ways in which each Defendant failed to comply with the applicable standard of care, and how the violation of the standard of care more likely than not was a substantive proximate cause of the alleged injuries. Plaintiffs have complied and provided such expert reports to the Defendants. So, it is somewhat ironic that Defendants are arguing that they have insufficient knowledge with which to factually support their affirmative defenses, such as unavoidable accident and intervening cause by other individuals.

10.      Additionally, in September 2015, in compliance with Tex. Civ. Prac. & Rem. Code § 74, Plaintiffs served notice letters with statutorily required medical authorizations on each Defendant. The medical authorizations permitted the Defendants to obtain all relevant medical records. Therefore, Defendants had the capability and opportunity to investigate the occurrence in question long before suit was filed so that they could by now provide factual particularity for their affirmative defenses.

## PRAYER

IN VIEW OF THE FOREGOING CONSIDERATIONS, Plaintiffs pray that this motion in all things be granted and that and for all other relief that the Court in its inherent power and discretion deems warranted to achieve the fair and efficient administration in this cause

Respectfully submitted,

**AVERSANO & GOLD**

*/s/ Paul N. Gold*

**PAUL N. GOLD**
State Bar No. 08069700
pgold@agtriallaw.com
**DONNA M. AVERSANO**
State Bar No. 00783573
daversano@agtriallaw.com
933 Studewood, 2nd Floor
Houston, Texas 77008
(713) 426-5600 Telephone
(713) 426-5601 Facsimile

**ALTMAN LEGAL GROUP**
**BRAD ALTMAN**
State Bar No. 00796120
brad@altmanlegal.com
2525 Kell Blvd., Suite 500
Wichita Falls, Texas 76308
(940) 761-4000 Telephone
(940) 766-3327 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that that have on this 20th day of April 2016 served a copy of this document on counsel for Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. in accordance with Fed. R. Civ. P. 5 and L.R. 5.1.

*/s/ Paul N. Gold*

_____

**PAUL N. GOLD**
**DONNA M. AVERSANO**