**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **WHITNEY RICKMAN AND** | § | |
| **BRYCE RICKMAN, INDIVIDUALLY,** | § | |
| **AND AS NEXT FRIENDS OF** | § | |
| **BCR, A MINOR** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 7:16-cv-00025-O** |
| **VS.** | § | |
| | § | |
| **GRADIE E. MOORE, M.D.,** | § | |
| **TEXOMA WOMEN'S CLINIC, P.A.,** | § | |
| **LAURA SHERMAN CASILLAS, R.N.,** | § | |
| **AND UNITED REGIONAL** | § | |
| **HEALTHCARE SYSTEM, INC.** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS GRADIE E. MOORE, M.D. AND
TEXOMA WOMEN'S CLINIC, P.A.'S RESPONSE TO PLAINTIFFS' SECOND
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

1.      Defendants Gradie E. Moore, M.S. and Texoma Women's Clinic, P.A. in their response to Plaintiffs' Second Motion to Strike Defendants' Affirmative Defenses misguidedly seek to evade the Court's Order on Plaintiffs' First Motion to Strike Affirmative Defenses by trying to reframe the matter in dispute. Defendants seek to recast what they previously have referred to as affirmative defenses (new and independent cause, superseding, sole proximate cause) as inferential rebuttal issues. Defendants apparently hope by reclassifying their defensive pleadings in this way that they are not required to comply with the Court's order. Defendants Moore and Texoma Women's Clinic are wrong. Their interpretation of the Court's order and the applicable

***WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL***
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses**                    **Page 1 of 8**

law is incorrect 'Accordingly, Plaintiffs seek an Order striking Defendants' Moore and Texoma Women's Clinic's pleadings of new and independent cause and superseding cause, and an Order preventing the Defendants from seeking discovery or presenting evidence on matters that they have not properly pled. Plaintiffs also seek expenses pursuant to Rule 26(g) in preparing and prosecuting this motion. In support of these requests, Plaintiffs show the Court the following:

## MATTERS IN DISPUTE

**2.**     Given Defendants Moore and Texoma Women's Clinic's response, it appears that what is in dispute is whether any defensive pleading other than a general denial can be conclusory and unsupported by facts. This is the implication from Defendant Moore and the Clinic's argument that they are not required to plead new and independent cause, superseding and sole proximate cause with any factual specificity,[1] notwithstanding the Court's Order striking these pleadings without prejudice to the opportunity to re-plead with sufficient factual sufficiency. Their argument is based upon their theory that new and independent cause, superseding and sole proximate cause are under Texas law inferential rebuttal issues, rather than affirmative defenses.

## ANALYSIS

**3.**     It appears that the argument that new and independent cause and superseding, sole proximate cause are not affirmative defenses is one that Defendants Moore and Texoma Women's Clinic have constructed recently since their answer

---

[1] The Defendants wrongly commingle the concepts of new and independent cause and superseding, sole proximate cause under the single concept of new and independent cause. A new and independent cause that is foreseeable is a concurring cause. A new and independent cause must be unforeseeable to be a superseding cause. *See Dew v. Crown Derrick Erectors, Inc*. 208 S.W.3d 448, 451 (Tex. 2006)

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses**                **Page 2 of 8**

described these defenses as affirmative defenses. However, for pleading purposes, it truly makes no difference whether new and independent cause and superseding and sole proximate cause are affirmative defenses or inferential rebuttal issues under Texas law. Procedurally, these are defensive pleadings, which under Federal practice must be pled with factual sufficiency.

4.     Defendants Moore and Texoma Women's Clinic do not cite the Court to any authority for the proposition that new and independent cause as well as superseding cause and sole proximate cause under the Federal Rules of Civil Procedure do not have to be pled with factual sufficiency. In fact the only Federal case that Defendants Moore and Texoma Women's Clinic cite is *E.I Dupont de Nemours & Co. v. McCain,* 414 F.2d 369. 374 (5th Cir. 1969). This case does not support the proposition that Defendants are advancing which is that an inferential rebuttal allegation does not need to be pled with factual sufficiency. Actually, a close reading of the case supports the opposite proposition that if a Defendant is pleading that a new and independent cause, rather than its negligence, was the proximate or sole proximate cause of the Plaintiff's injuries that Defendant must do so with factual sufficiency. In footnote 3 of the decision, the Fifth Circuit sets out the instruction that was given to the jury. The jury is not given an amorphous description of new and independent cause. Rather, the jury is told whose conduct the Defendant was claiming was the cause of Plaintiff's injuries instead of the Defendant's conduct:

> the defendant DuPont **says that the acts of Wilmington Chemical Corporation and Shell Oil Company** were a new and independent cause which broke the causal connection and destroyed any possibility of a proximate cause. [emphasis added].

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses**          **Page 3 of 8**

So, if Defendants Moore and Texoma Women's Clinic are citing **_McCain_**, who is it or what is it that Defendants are claiming destroyed any possibility of proximate cause from their alleged conduct? This Court was completely within its discretion to have issued its Order requiring Defendants to plead new and independent cause, superseding cause, and sole proximate cause with factual sufficiency. Defendants Moore and Texoma Women's Clinic do not even attempt to argue or provide authority to the contrary.

5.     The primary consideration with regard to inferential rebuttal issues is that inferential rebuttals do not shift the burden of proof, unlike an affirmative defense. *See Simpson v. Home Petroleum Corp.* 770 F.2d 499, at 507 (5th Cir. 1985). By pleading an inferential rebuttal, the jury can be instructed that the Plaintiff must prove that his or her alleged injuries flow directly from the Defendants' alleged wrongful conduct and that unforeseeable conduct, conditions, or factors other than Defendants' conduct were not a proximate or sole proximate cause of the injuries. However, Defendants will be hard-pressed to find any case law from Texas or the Fifth Circuit that inferential rebuttal allegations do not have to be pled with factual sufficiency. And it is notable that Defendants Moore and Texoma Women's Clinic have not cited the Court to any Federal case that a defensive pleading such as an inferential rebuttal does not have to be pled with factual sufficiency.

6.     Much of the authority that Defendants Moore and Texoma Women's Clinic cite is Texas law holding that new and independent cause, superseding cause, and sole proximate cause are inferential rebuttal pleadings. One case that they fail to cite is

_WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL_
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses**                    **Page 4 of 8**

*Columbia Rio Grande Healthcare L.P. v. Hawley*, 294 S.W.3d 851 (Tex. 2009). In that medical malpractice opinion, the Texas Supreme Court notes that the Plaintiffs specially excepted to Columbia's pleadings because Columbia "did not specify what the alleged new and independent causes were." Columbia subsequently amended to specify what the alleged new and independent causes were. *Columbia Rio Grande Healthcare L.P.,* 294 S.W. 3d at 857. It is clear that even under Texas practice, a conclusory pleading of an inferential rebuttal can be challenged by a special exception requiring the Defendant to plead the specific acts or conduct that it contends cut off causation.

7.     Aside from the technicalities of how a defensive pleading is categorized, why should not a Defendant have to plead new and independent cause, superseding cause, and sole proximate cause with factual sufficiency? The law requires that in order to obtain an instruction on an inferential rebuttal issue, the matter must be pled. It makes no sense that a matter must be pled, but that it can be pled in a conclusory manner without any factual sufficiency. The Defendants do not even attempt to explain their rationale as to why these defensive pleadings can or should be allowed to be pled without factual sufficiency. Their argument is merely that the defenses are not affirmative defenses and the Court's Order only pertained to affirmative defenses.

8.     Of course, the Court's Order did not state generally that all affirmative defenses must be pled with factual sufficiency. Rather the Court's Order granted Plaintiff's motion to strike the defensive pleadings of new and independent cause, superseding cause, and sole proximate cause, subject to the Defendants repleading

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses              Page 5 of 8**

these defensive pleadings with factual sufficiency. Defendants Moore and Texoma Women's Clinic have not complied with the Court's Order. Their amended answer provides no more factual sufficiency with regard to these defensive pleadings than their original answer.

9.      It is clear from the Defendants' response that they do not have a sufficient legal or factual basis for pleading new and independent cause, superseding cause, and sole proximate cause. If they had such bases, there would be no rational reason for not pleading with factual specificity in support of allegations in compliance with the Court's Order. What Defendants Moore and Texoma Women's Clinic seek to do is conduct discovery to find a basis for alleging new and independent cause, superseding cause, and sole proximate. Defendants want to engage in what the Texas Supreme Court has described as "fishing" by using discovery to find causes of actions or defenses that have not been pled. Just as Texas has rejected this type of tactic as discovery abuse, so too have the Federal courts. Only discovery that is relevant is allowed in Federal Court, and to be relevant, the discovery must be relevant to a pled claim or defense. Fed. R. Civ. P. 26. Defendants' pleadings of new and independent cause, superseding cause, and sole proximate should be stricken with prejudice and Defendants should be prevented from seeking discovery on these issues.

10.     Defendants Moore and Texoma Women's Clinic request that if they are wrong and that they have not complied with the Court's order that they should be given another opportunity to re-plead. This is a presumptuous request which should be rejected by the Court. The Court already provided Defendants Moore and Texoma

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses            Page 6 of 8**

Women's Clinic an opportunity to re-plead new and independent cause, superseding cause, and sole proximate cause with factual sufficiency and these Defendants failed to do so. These Defendants also have wasted the Court's judicial resources and Plaintiffs' resources. Defendants Moore, Texoma Women's Clinic, and their counsel have engaged in conduct in violation of Rule 26(g). Accordingly, Plaintiffs request that, in addition to striking the aforementioned pleadings with prejudice, that the Court also award Plaintiffs their reasonable expenses in preparing and prosecuting the instant motion.

**PRAYER**

IN VIEW OF THE FOREGOING CONSIDERATIONS, Plaintiffs pray that this motion in all things be granted and that and for all other relief that the Court in its inherent power and discretion deems warranted to achieve the fair and efficient administration in this cause.

Respectfully submitted,

**AVERSANO & GOLD**


*/s/ Paul N. Gold*
_____
**PAUL N. GOLD**
State Bar No. 08069700
pgold@agtriallaw.com
**DONNA M. AVERSANO**
State Bar No. 00783573
daversano@agtriallaw.com
933 Studewood, 2nd Floor
Houston, Texas 77008
(713) 426-5600 Telephone
(713) 426-5601 Facsimile

*WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL*
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses**          **Page 7 of 8**

**ALTMAN LEGAL GROUP**
**BRAD ALTMAN**
State Bar No. 00796120
brad@altmanlegal.com
2525 Kell Blvd., Suite 500
Wichita Falls, Texas 76308
(940) 761-4000 Telephone
(940) 766-3327 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that that have on this 31st day of May 2016 served a copy of this document on counsel for Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. in accordance with Fed. R. Civ. P. 5 and L.R. 5.1.

*/s/ Paul N. Gold*

_____

**PAUL N. GOLD**

***WHITNEY RICKMAN, ET AL V. GRADIE E. MOORE, M.D., ET AL***
**Plaintiffs' Reply to Defendants Gradie E. Moore, M.D. and
Texoma Women's Clinic, P.A.'s Response to Plaintiffs'
Second Motion to Strike Defendants' Affirmative Defenses        Page 8 of 8**