**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **WHITNEY RICKMAN AND** | § | |
| **BRYCE RICKMAN, INDIVIDUALLY,** | § | |
| **AND AS NEXT FRIENDS OF** | § | |
| **BCR, A MINOR** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 7:16-cv-00025-O** |
| **VS.** | § | |
| | § | |
| **GRADIE E. MOORE, M.D.,** | § | |
| **TEXOMA WOMEN'S CLINIC, P.A.,** | § | |
| **LAURA SHERMAN CASILLAS, R.N.,** | § | |
| **AND UNITED REGIONAL** | § | |
| **HEALTHCARE SYSTEM, INC.** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

1.      Whitney Rickman and Bryce Rickman, Individually, and as next friends of BCR, a minor (hereafter also referred to as "Plaintiffs") file this complaint, in which all of the above individuals join, complaining of Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. (hereafter also referred to as Defendants) in its legal, assumed or common name, and for cause of action would show the Court the following:

### PARTIES – PLAINTIFFS

2.      Whitney Rickman and Bryce Rickman are citizens and domiciliaries of Shelby Township, Michigan. They are the natural parents of BCR, a minor.

3.      BCR is the natural, minor son of Whitney Rickman and Bryce Rickman. He is a citizen and domiciliary of Shelby Township, Michigan. Whitney Rickman and Bryce Rickman are bringing claims on behalf of this minor as his next friends.

## PARTIES – DEFENDANTS

4.      Defendant, Gradie E. Moore, M.D. (hereafter also referred to as "Dr. Moore") at all times relevant to the instant litigation is believed to have been a resident and domiciliary of Wichita County, Texas. Dr. Moore has been served at her reported residence, 4804 Augusta Ln., Wichita Falls, TX 76302; at her place of business, Texoma Women's Clinic, P.A., 1601 Ninth St., Suite B, Wichita Falls, TX 76301 or anywhere she may be found. Defendant has answered herein.

5.      Defendant, Texoma Women's Clinic, P.A. (hereafter also referred to as "TWC") is a professional association licensed to do business in the State of Texas, with its principal place of business and nerve center in Wichita Falls, Texas. It has appointed a registered agent for service and has been served with citation through such registered agent for service: Ryan J. Bannon, 1601 Ninth St., Suite B, Wichita Falls, TX 76301. Defendant has answered herein.

6.      Laura Sherman Casillas, R.N. (also hereafter referred to as "Casillas") is and at all times relevant to this instant litigation was a registered nurse licensed to practice in the State of Texas. Ms. Casillas is a resident and domiciliary of Wichita County, Texas. Laura Sherman Casillas, R.N. has been served with citation at her reported residence, 4711 Matterhorn, Wichita Falls, TX 76301 or anywhere she may be found. Defendant has answered herein.

7.     United Regional Healthcare System Inc. (hereafter also referred to as "United Regional") is a domestic nonprofit corporation licensed to do business in the State of Texas with its principal place of business and nerve center in Wichita Falls, Texas. It has appointed a registered agent for service and has been served with citation through such registered agent for service: Phyllis Cowling, 1600 Eleventh Street, Wichita Falls, TX 76301. Defendant has answered herein.

## JURISDICATION AND VENUE

8.     Plaintiffs' damages, individually and jointly, exceed the jurisdictional limits of this Court, excluding interest and costs. Each of the Defendants has engaged in continuous and systematic business in Texas and in the Wichita Falls Division and the incident in question arises directly from such business contacts.

9.     Further, this Court has diversity, subject matter jurisdiction of this matter because there is a complete diversity between each and all of the Plaintiffs and Defendants.

10.     Venue is proper in the Northern District of Texas, Wichita Falls Division as the incident giving rise to this action accrued in whole or in part in Wichita County, Texas.

## STATUTORY COMPLIANCE

11.     Plaintiffs have given Defendants notice of this healthcare claim. Alternatively, all conditions precedent to Plaintiffs' recovery under all causes of action set forth herein have been performed or have occurred.

12.     Further, in the event, Defendants contend or allege that Plaintiffs have not filed their claims timely or in conformance with the applicable statute of limitations,

Plaintiffs allege in response that Plaintiffs have been impeded in so complying with such statutes of limitation and other applicable statutory requirements because of Defendants' fraudulent concealment of wrongful conduct and spoliation of evidence material to Plaintiffs' claims.

## FACTS

13.     Whitney Rickman was pregnant with a due date of February 21, 2014.

14.     Whitney Rickman was 4 feet 9 inches tall and had gestational diabetes during her pregnancy.

15.     Whitney Rickman requested an elective Cesarean delivery which was denied by Dr. Gradie Moore.

16.     Whitney Rickman was admitted to United Regional Hospital in Wichita Falls, Texas on February 16, 2014 for induction of labor.

17.     During the induction, the fetal monitor tracing was characterized by nursing personnel as "Category I" and "Category II" until 1050 on February 18 when it was documented to be "Category III."

18.     No nursing interventions were undertaken in the presence of a documented "Category III" fetal monitoring strip and Dr. Moore was not notified of the critical fetal monitor tracing. Pitocin continued to be administered.

19.     BCR was born on February 18, 2014 at 1130. He as depressed at birth with Apgar scores of 1, 4, and 4 at one, five, and ten minutes respectively.

20.     BCR had to be transferred for a higher level of care to Cook's Children's Hospital in Fort Worth where he spent 21 days in the neonatal intensive care unit.

21.     BCR has been diagnosed with hypoxic-ischemic encephalopathy and Cerebral Palsy.

22.     The foregoing facts (paragraphs 13 – 21) also cumulatively shall be referred to as the "occurrence in question."

23.     BCR's injuries are permanent, irreversible and could have been prevented with proper care during the labor and delivery process.

## CAUSES OF ACTION
## MEDICAL NEGLIGENCE

24.     Defendants Gradie E. Moore, M.D. (Dr. Moore), Texoma Women's Clinic, P.A. (TWC), Laura Sherman Casillas, R.N. (Casillas), and United Regional Healthcare System, Inc. (United Regional) created a duty to the Plaintiffs when they accepted Whitney Rickman, as a patient. Upon Defendants' acceptance of Whitney Rickman, as a patient, Defendants each accepted not only the responsibility, but also the liability and accountability for her healthcare and the healthcare of her baby. At all times material hereto, Whitney Rickman and her baby, BCR, were patients of Defendants.

25.     Defendants, individually and/or through their agents, servants, borrowed servants and/or employees, were negligent and violated the duty of care owed to Whitney Rickman and her baby, BCR, as patients. More specifically, Defendants were negligent in that they failed to do that which physicians or healthcare providers of ordinary care and prudence would have done under the same or similar circumstances. Plaintiffs allege that their damages, as described herein below, were proximately caused by various negligent acts of omission and commission, jointly, severally, and/or individually by the Defendants, their agents and/or employees.

26.     At all times material hereto Defendants Laura Sherman Casillas, R.N. and United Regional Healthcare System, Inc. are jointly liable for the negligent acts of the other because Defendants were involved in a joint enterprise, joint venture, and/or partnership when committing all referenced negligent acts and/or omissions. Defendants had an agreement, both express and implied, with the common purpose of engaging in the practice of medicine, specifically, to provide medical care and services to patients of the joint enterprise, joint venture, and/or partnership. The Defendants shared a community of pecuniary interest in this common purpose, agreed to share profits and losses, and each Defendant had an equal right to direct and control the enterprise, venture and/or partnership. Therefore, Defendants Laura Sherman Casillas, R.N. and United Regional Healthcare System, Inc. are liable to Plaintiffs under the theories of joint enterprise, joint venture, and/or partnership for the negligent acts and/or omissions of each other.

27.     At all times material hereto Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. are jointly liable for the negligent acts of the other because Defendants were involved in a joint enterprise, joint venture, and/or partnership when committing all referenced negligent acts and/or omissions. Defendants had an agreement, both express and implied, with the common purpose of engaging in the practice of medicine, specifically, to provide medical care and services to patients of the joint enterprise, joint venture, and/or partnership. The Defendants shared a community of pecuniary interest in this common purpose, agreed to share profits and losses, and each Defendant had an equal right to direct and control the enterprise, venture and/or partnership. Therefore, Defendants Dr. Moore and Texoma Women's Clinic, are liable

to Plaintiffs under the theories of joint enterprise, joint venture, and/or partnership for the negligent acts and/or omissions of each other.

28.     At all times material hereto Defendant Casillas was acting as agent, servant, and/or employee of United Regional. She was acting within the course and scope of her employment with United Regional when committing all negligent acts and/or omissions referenced herein. Therefore, United Regional is liable to Plaintiffs under the doctrine of *respondeat superior* for Casillas's negligent acts and/or omissions referenced herein.

29.     At all times material hereto Dr. Moore, was acting as agent, servant, employee and/or vice principal of TWC. She was acting within the course and scope of her employment with TWC when committing all negligent acts and/or omissions referenced herein. Therefore, Defendant TWC is liable to Plaintiffs under the doctrine of *respondeat superior* for Dr. Moore's negligent acts and/or omissions referenced herein.

30.     Whitney Rickman and her baby BCR underwent medical care and treatment by Dr. Moore, TWC, United Regional and Casillas. As a result of the negligent medical care and treatment rendered by Dr. Moore, TWC, United Regional and Casillas, Plaintiffs have sustained significant injuries and damages. The acts and omissions alleged herein constituted joint and several negligence. These acts were singularly and severally each a direct and foreseeable proximate cause of the injuries of BCR, as more specifically alleged below.

### GRADIE E. MOORE, M.D.

31.     The negligence of Gradie E. Moore, M.D. includes, but is not limited to, the following:

a)     Failure to properly manage Whitney Rickman's labor;

b)     Failure to accurately assess fetal well being by proper assessment of the fetal heart rate monitor;

c)     Failure to properly obtain and interpret uterine activity information;

d)     Failure to properly manage Whitney Rickman's labor in an appropriate fashion;

e)     Failure to properly assess the feasibility of safe vaginal delivery;

f)     Failure to properly assess, manage, and treat Whitney Rickman and her fetus in a timely manner;

g)     Failure to properly manage fetal distress;

h)     Failure to properly manage and monitor the labor and delivery to prevent avoidable injury to the baby;

i)     Failure to properly safeguard against risks of Pitocin;

j)     Failure to timely perform a cesarean section;

k)     Failure to make timely preparations for cesarean section when faced with fetal distress and/or decreased feasibility of safe vaginal delivery; and

l)     Failure to keep mother and fetus out of harms' way by anticipating problems and reducing as much as possible the need for emergency intervention.

**TEXOMA WOMEN'S CLINIC, P.A.**

32.     The negligence of Texoma Women's Clinic, P.A. in its corporate capacity as a healthcare entity and acting vicariously by and through its vice-principals, including Dr. Moore, servants, agents and/or employees includes, but is not limited to, the following:

a)     Failure to properly manage Whitney Rickman's labor;

b)     Failure to accurately assess fetal well being by proper assessment of the fetal heart rate monitor;

c)       Failure to properly obtain and interpret uterine activity information;

d)       Failure to properly manage Whitney Rickman's labor in an appropriate fashion;

e)       Failure to properly assess the feasibility of safe vaginal delivery;

f)       Failure to properly assess, manage, and treat Whitney Rickman and her fetus in a timely manner;

g)       Failure to properly manage fetal distress;

h)       Failure to properly manage and monitor the labor and delivery to prevent avoidable injury to the baby;

i)       Failure to properly safeguard against risks of Pitocin;

j)       Failure to timely perform a cesarean section;

k)       Failure to make timely preparations for cesarean section when faced with fetal distress and/or decreased feasibility of safe vaginal delivery; and

l)       Failure to keep mother and fetus out of harms' way by anticipating problems and reducing as much as possible the need for emergency intervention.

### LAURA SHERMAN CASILLAS, R.N.

33.      The negligence of Casillas, includes, but is not limited to, the following:

a)       Failure to properly assess Whitney Rickman and her fetus;

b)       Failure to accurately assess fetal well being by proper assessment of the fetal heart monitor;

c)       Failure to communicate to the attending obstetrician and other health care providers the need to evaluate and intervene with Whitney Rickman's labor;

d)       Failure to follow the chain of command within the hospital's hierarchy to take appropriate action to prevent injury to BCR;

e)       Failure to appreciate and recognize the risks of continuing labor;

f)   Failure to properly manage and monitor the labor and delivery to prevent avoidable injury to the baby;

g)   Failure to properly assess and monitor the frequency, duration, strength, and resting tone of contractions;

h)   Failure to properly safeguard against risks of Pitocin;

i)   Failure to have and follow safe practices in monitoring and reporting fetal heart tracings and caring for patients in labor in these circumstances;

j)   Failure to properly manage fetal distress;

k)   Failure to manage Pitocin properly and to timely and accurately communicate this information to Dr. Moore;

l)   Failure to recognize and timely and accurately communicate problems evident on the fetal monitor strips;

m)   Failure to make timely preparations for cesarean section when faced with fetal distress and/or decreased feasibility of safe vaginal delivery;

n)   Failure to keep mother and fetus out of harms' way by anticipating problems and reducing as much as possible the need for emergency intervention; and

o)   The above referenced negligent conduct, attitude, acts and/or omissions of Nurse Casillas when viewed, separately and/or jointly, objectively from the standpoint of the actor at the time of their occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to patients such as Whitney Rickman, a high risk labor and delivery patient and her baby. Nurse Casillas had actual subjective awareness of the risk involved in the manner in which Nurse Casillas provided care during the labor and delivery in question, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Whitney Rickman and baby Rickman. Nurse Casillas knew that there were significant risks of harm to Whitney Rickman and her baby from the manner in which Nurse Casillas provided nursing care during the labor and delivery in question. Nurse Casillas knew or should have known the potential consequences of the above-described reckless actions, but proceeded with reckless disregard without adherence to recognized standards of care, particularly as stated above. This alleged conduct amounts to

malice, as that term is defined by law, which therefore gives rise to an award of exemplary or punitive damages.

## UNITED REGIONAL HEALTHCARE SYSTEM, INC.

34.    The negligence of United Regional Healthcare System, Inc., in its corporate capacity as a healthcare entity and acting vicariously by and through its vice-principals, servants, agents and/or employees includes, but is not limited to, the following:

a)    Failure to properly assess Whitney Rickman and her fetus;

b)    Failure to accurately assess fetal well being by proper assessment of the fetal heart monitor;

c)    Failure to communicate to the attending obstetrician and other health care providers the need to evaluate and intervene with Whitney Rickman's labor;

d)    Failure to follow the chain of command within the hospital's hierarchy to take appropriate action to prevent injury to BCR;

e)    Failure to appreciate and recognize the risks of continuing labor;

f)    Failure to properly manage and monitor the labor and delivery to prevent avoidable injury to the baby;

g)    Failure to properly assess and monitor the frequency, duration, strength, and resting tone of contractions;

h)    Failure to properly safeguard against risks of Pitocin;

i)    Failure to have and follow safe practices in monitoring and reporting fetal heart tracings and caring for patients in labor in these circumstances;

j)    Failure to properly manage fetal distress;

k)    Failure to manage Pitocin properly and to timely and accurately communicate this information to Dr. Moore;

l)    Failure to recognize and timely and accurately communicate problems evident on the fetal monitor strips;

m)   Failure to make timely preparations for cesarean section when faced with fetal distress and/or decreased feasibility of safe vaginal delivery;

n)   Failure to keep mother and fetus out of harms' way by anticipating problems and reducing as much as possible the need for emergency intervention;

o)   Failure to formulate, implement and enforce appropriate policies, procedures and practices with regard to the above listed failures;

p)   Failure to formulate, implement appropriate training of employees with regard to the above referenced areas of failing and to confirm the competency of its employees to provide effective and safe healthcare to conform to appropriate standards of care particularly in situations as presented in connection with the occurrence in question;

q)   United Regional Healthcare System, Inc. additionally was negligent in the failure to formulate, implement, and enforce adequate risk management policies and procedures to comply with governmental regulations, to identify potential risks to patients and error frequencies arising from failures to follow policies, procedures or applicable standards of care or ordinary care, and determination of root cause(s), particularly with regard to labor and delivery patients. The failures in these regards preceded the occurrence in question. Such policies and practices are designed to timely identify risks and trends so as to spare future patients from being injured by similar failures. By failing to formulate, implement and enforce adequate risk/safety management policies and procedures as described above, particularly with regard to nursing care associated with high risk labor and delivery patients, United Regional Healthcare System, Inc. ignored and thereby increased the risk that Whitney Rickman and baby Rickman would be the victims of similar failures that had occurred in the past, which had not been effectively investigated and analyzed to identify and determine the root cause. This negligence demonstrates reprehensible conduct, particularly to the extent such conduct was done, supervised, approved, and ratified by United Regional Healthcare System, Inc., vice-principals. Such failures were a proximate cause of Plaintiffs' injuries in this instance; and

r)   The negligent acts and/or omissions of United Regional Healthcare System, Inc., as alleged above in paragraphs o - q, were approved or ratified by one or more of its vice-principals, including the Directors of

Nursing and Nursing Education. Additionally, or in the alternative, the acts or omissions referenced in paragraphs a – q were committed by or under the supervision of United Regional Healthcare System, Inc. vice-principals, including charge nurses and the Directors of Nursing and Nursing Education, or in the alternative such acts and omissions were condoned or ratified by United Regional Healthcare System, Inc.'s vice-principals, including charge nurses and the Directors of Nursing and Nursing Education. Such acts and omissions are set out above and incorporated here by reference. Such acts and omissions are imputed to United Regional Healthcare System, Inc., because they were committed by, approved or ratified by United Regional Healthcare System, Inc., vice-principals while in the course and scope of their respective employment for United Regional Healthcare System, Inc., and as vice-principals of United Regional Healthcare System, Inc. Such conduct, attitudes, acts, and/or omissions when viewed, separately and/or jointly, objectively from the standpoint of the actor at the time of their occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to patients such as Whitney Rickman, a high risk labor and delivery patient and her baby. United Regional Healthcare System, Inc., by and through its vice-principals, including the charge nurses who participated in and oversaw the care delivered to Whitney Rickman and her baby and the Director of Nursing, had actual subjective awareness of the risks involved in the manner in which its labor and delivery nurses, including Nurse Sherman, provided care during the labor and delivery in question. Nevertheless, through or with the approval or ratification of its vice-principal, United Regional Healthcare System, Inc. proceeded with conscious indifference to the rights, safety or welfare of Whitney Rickman and baby Rickman. United Regional Healthcare System, Inc., through its vice-principals, including those identified above, and Nurse Sherman, knew that there were significant risks of harm to Whitney Rickman and her baby from the labor and nursing care that was delivered to Whitney Rickman. United Regional Healthcare System, Inc., through its vice-principals, knew or should have known the potential consequences of the above-described reckless actions and omissions, but proceeded with reckless disregard without adherence to recognized standards of nursing care, particularly as stated above with regard to the acts and omissions of its labor and delivery nurses. This alleged conduct amounts to malice, as that term is defined by law, which therefore gives rise to an award of exemplary or punitive damages.

**DAMAGES**

35.     Plaintiffs have, as a direct and foreseeable result of the Defendants' joint and several negligence, as alleged herein, directly and/ or vicariously through their respective vice-principals, agents and employees, sustained personal injury damages. BCR has sustained permanent and debilitating damage and harm to the physical structure and/or nervous system of his body, as a direct and foreseeable result of Defendants' joint and several negligence, including the negligence of the Defendants' vice-principals, agents and employees, as alleged above, and all Plaintiffs have sustained damages directly from such negligence, as described in greater detail below.

**BCR**

36.     BCR has sustained physical pain and mental anguish in the past, which in reasonable probability will continue in the future. He has sustained diminution of life enjoyment in the past, which in reasonable probability will continue in the future. He has sustained physical impairment in the past, which in reasonable probability will continue in the future. He has sustained physical disfigurement in the past, which in reasonable probability will continue in the future. BCR in reasonable probability has sustained loss or diminution in his earning capacity in the future.

37.     BCR has incurred in the past reasonable and necessary expenses for medical/cognitive/emotional and behavioral care and treatment, therapy, consultation and rehabilitation, and in reasonable probability he will continue to incur such expenses in the future. To the extent, as BCR's parents, Whitney Rickman and Bryce Rickman on behalf of their minor child, BCR, have paid or incurred the above expenses or legal responsibility for such expenses for which medical care providers retain the right to

collect, they seek such expenses as their damages. Further, to the extent the above such expenses continue to be incurred by BCR during his minority, for which his parents Whitney Rickman and Bryce Rickman are legally responsible, Whitney Rickman and Bryce Rickman also seek these future expenses as their damages. To the extent BCR probably will incur or incurs the above such expenses, in the future, beyond his minorit, and such expenses are not his parents' legal responsibility or incurred by them, BCR seeks such future expenses as his personal damages.

38.     Plaintiffs each seek compensation from each of the Defendants for all the above described actual damages deriving directly and foreseeably from the joint and several negligence of Defendants, their vice-principals, agents and employees. While each Plaintiff's damages exceed the threshold requirements of this Court, Plaintiffs prefer to leave the determination of the actual amounts of these damages solely to the province of the jury. Plaintiffs request that damages be awarded in present value in an amount determined by the jury to be fair and reasonable under the evidence considered by them at time of trial, without regard to bias, sympathy or pity.

39.     Plaintiffs seek from Laura Sherman Casillas R.N. the maximum punitive damages to which Plaintiffs are entitled under law for Laura Sherman Casillas R.N's gross negligent conduct as alleged herein.

40.     Plaintiffs seek from United Regional Healthcare System, Inc. the maximum punitive damages to which Plaintiffs are entitled under law for United Regional Healthcare System, Inc.'s gross negligent conduct as alleged herein.

41.     Plaintiffs also plead for pre-judgment and post-judgment interest to the highest amount allowed by applicable law, jointly and severally or severally, as

appropriate and for costs of Court.

## HEALTHCARE LIABILITY CLAIM DAMAGES
## DAMAGE LIMITATIONS UNCONSTITUTIONAL

42.    In connection with any pleading by Defendants attempting to take advantage of any alleged limitations of damages provision in Ch. 74 Tex. Civ. Prac. & Rem. Code, Plaintiffs would show and allege that to the extent that any statute purports to limit the amount of liability in medical malpractice actions as to medical care providers, doctors or hospitals, any such statute or portion of such statute unconstitutional. The aforesaid statutory provisions regarding limitation of damages violate the Equal Protection Clause of both the Constitution of the United States (14th Amendment) and the Constitution of the State of Texas (including but not limited to Art. 1§3). Moreover, or in the alternative, any such statutory attempt to limit the amount of liability in medical malpractice actions under Ch. 74 Tex. Civ. Prac. & Rem. Code violates Plaintiffs' constitutional right to obtain full redress for injuries and death. Additionally, such statute would violate the "Open Courts" provision of the Texas Constitution. Accordingly, Ch. 74 Tex. Civ. Prac. & Rem. Code is unconstitutional under both the Constitution of the State of Texas and the Constitution of the United States due to its statutory intent to limit recovery in medical malpractice actions.

## JURY DEMAND

43.    Plaintiffs demand a trial by jury for all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs each recover judgment of and from Defendants for the

actual, compensatory and special damages and for the punitive damages as pled against Laura Sherman Casillas R.N. and United Regional Healthcare System, Inc. and proven by a preponderance of the credible evidence or in the alternative, clear and convincing evidence, if so required by law, together with the costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiffs may in law or in equity show themselves justly entitled.

Respectfully submitted,

**AVERSANO & GOLD**

*/s/ Paul N. Gold*

**PAUL N. GOLD**
State Bar No. 08069700
pgold@agtriallaw.com
**DONNA M. AVERSANO**
State Bar No. 00783573
daversano@agtriallaw.com
933 Studewood, 2nd Floor
Houston, Texas 77008
(713) 426-5600 Telephone
(713) 426-5601 Facsimile

**ALTMAN LEGAL GROUP**
**BRAD ALTMAN**
State Bar No. 00796120
brad@altmanlegal.com
2525 Kell Blvd., Suite 500
Wichita Falls, Texas 76308
(940) 761-4000 Telephone
(940) 766-3327 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that that have on this 30th day of June 2016 served a copy of this document on counsel for Gradie E. Moore, M.D., Texoma Women's Clinic, P.A., Laura Sherman Casillas, R.N., and United Regional Healthcare System, Inc. in accordance with Fed. R. Civ. P. 5 and L.R. 5.1.

/s/ Paul N. Gold

_____

**PAUL N. GOLD**