IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| WHITNEY RICKMAN AND BRYCE RICKMAN, INDIVIDUALLY AND AS NEXT NEXT FRIENDS OF B.C.R., A MINOR, § § § § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 7:16-cv-00025-O |
| § | |
| GRADIE E. MOORE, M.D., TEXOMA WOMEN'S CLINIC, P.A., LAURA SHERMAN CASILLAS, R.N., AND UNITED REGIONAL HEALTHCARE SYSTEM, INC., § § § § § § | |
| Defendants. § | |

## AGREED FINAL JUDGMENT

BE IT REMEMBERED THAT on this 21st day of April, 2017, appeared Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor (hereinafter collectively, "Plaintiffs"), and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. (hereinafter, "Defendants")[1], by and through their respective attorneys of record, and Victoria Ryon, Court-Appointed Guardian Ad Litem for B.C.R., A Minor. The aforementioned Plaintiffs and Defendants will collectively be referred to hereinafter as "Parties."

The above Parties and Guardian Ad Litem advised the Court that all matters and things in controversy between them have been settled and or compromised and that, subject to the

---

[1] Plaintiffs and Defendant Laura Sherman Casillas, R.N. have separately entered a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Accordingly, Ms. Casillas is not a party to the settlement between Plaintiffs and remaining Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A.

1

approval of the Court, the Agreed Judgment as to Defendants has been agreed to by the aforementioned Parties, as reflected within and by the terms and conditions of the Parties' respective written settlement agreements. The same has been presented to and reviewed by the Court.

The Court, having reviewed the Agreement of Confidential Settlement, Release, and Indemnification and the report of the Guardian Ad Litem, makes the following findings and rulings:

Necessary Parties and Parental Competence/Standing/Approval:

The Court finds that all parties necessary and proper to settlement and/or resolution of the claims and causes of action asserted by Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., only, are before the Court. All claims and causes of action asserted against Laura Sherman Casillas, R.N. have been separately dismissed by the Plaintiffs pursuant to Federal Rule of Civil Procedure 41.

The Court further finds that Plaintiffs Whitney Rickman and Bryce Rickman, have never been declared non compos mentis, and are competent to enter into the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. and the Agreed Judgment as to Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., only, in the capacities stated.

The Court further finds that Plaintiffs Whitney Rickman and Bryce Rickman are the natural parents of B.C.R., A Minor; that they are the proper persons, not disqualified to act on behalf of B.C.R., A Minor; and that they are authorized to act on behalf of and to bind B.C.R., A Minor, to the written Agreement of Confidential Settlement, Release, and Indemnification, between Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A.

The Court further finds:

A. that Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, have approved of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A.;

B. that Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, agree and believe that the settlement/resolution of this case with Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. is in the best interest of their child, B.C.R.;

C. that Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, have specifically requested the Court to approve of the settlement/resolution of this case as to Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. per the terms of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A.

Effect and Implication of Settlement:

The Court further finds that bona fide disputes and controversies exist between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., both as to the fact and extent of liability, if any, and as to the fact and extent of damages, if any.

The Court further finds that by reason of such disputes and controversies, and solely for the purpose of terminating and avoiding further involvement in protracted and costly litigation based upon disputed and denied claims, Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, desire to settle and or resolve all claims and causes of action of any kind whatsoever which Plaintiffs have now or may have in the future against Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A.;

The Court further finds that neither the settlement, nor the compromise of the pending action, nor any of the consideration, nor anything contained in the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs

Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. shall be taken or construed to be an admission of negligence, guilt, or liability by Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. Rather, the Court finds that the Defendants have heretofore denied and continue to deny all liability asserted against them in this case.

<u>Appointment and Recommendation of Guardian Ad Litem</u>:

The Court, having previously found that there is a potential conflict of interest between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor relative to settlement, ordered and appointed Victoria Ryon, an attorney at law, as Guardian Ad Litem to represent the minor.

The Court further finds that Victoria Ryon, as court-appointed Guardian Ad Litem for the benefit of B.C.R., has no interest adverse to B.C.R., and is not related to Whitney Rickman and/or Bryce Rickman or their minor child, B.C.R., by blood or marriage.

The Court further finds that Victoria Ryon is acting in the best interests of B.C.R. and is authorized to act on behalf of and in the best interests of B.C.R., A Minor.

The Court further finds that the duly appointed Guardian Ad Litem, Victoria Ryon, has sufficiently investigated the facts in connection with this lawsuit, the nature of the injuries allegedly sustained by B.C.R., and the terms of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. and that she, together with counsel for Plaintiffs, announced that it is her opinion that:

> the proposed indemnity on behalf of Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. as well as the terms referenced within the written Agreement of Confidential Settlement, Release, and Indemnification, between Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E.

>Moore, M.D. and Texoma Women's Clinic, P.A., are both fair, just, reasonable, acceptable, and in the best interests of B.C.R., A Minor.

The Court finds that Guardian Ad Litem, Victoria Ryon, acted in the best interest of the minor, B.C.R., and that the actions and recommendations of the Guardian Ad Litem are therefore ratified and approved.

<u>Approval and Incorporation of Agreement of Confidential Settlement, Release, and Indemnification</u>:

The Court has reviewed the terms of the written Agreement of Confidential Settlement, Release and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A.;

The Court references and incorporates the terms of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. herein as though fully set forth herein;

The Court further finds that the terms of the above referenced agreements are fair, reasonable, and in the best interests of all parties, including but not limited to the minor child, B.C.R., and that the same should be in all aspects approved. The Court further finds that the terms of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendant United Regional Health Care System, Inc., and the written Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. shall be and are accepted by the Court and that all claims by Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, against Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., shall be and are resolved and dismissed with prejudice in accordance with said terms.

<u>Guardian Ad Litem Fees</u>:

The Court finds that $13,125.00 is a reasonable fee for the services of Victoria Ryon, the court-appointed Guardian Ad Litem for the minor child, B.C.R., in connection

with this settlement/resolution and Agreed Judgment as to Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., and further finds this amount should be borne in two equal payments by (1) United Regional Health Care System, Inc. and (2) Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A.

Plaintiffs' Attorney Fees and Disbursement of Funds:

The Court finds that the attorneys' fees of Aversano & Gold and case expenses as presented to the court by the Guardian Ad Litem in her report are reasonable and necessary and authorizes their disbursement from the settlement funds herein. The Court further orders that the funds remaining after disbursement of attorneys' fees and expenses, shall be disbursed to Cadence Bank, N.A. the Trustee to fund a special needs trust for the benefit of the minor, B.C.R. and such disbursements for the trust are hereby approved.

Special Needs Trust Attorney Fees:

The Court finds that, incident to the settlement, Plaintiffs' attorneys have retained additional counsel to draft a special needs trust for the use and benefit of B.C.R., a Minor. The Court finds this action to be in the best interest of B.C.R. and also finds the fees of additional counsel to be reasonable and necessary. The Court finds that, in addition to the settlement funds listed above, Defendant United Regional Health Care System has agreed to pay $3,000.00 of the attorney fees for the preparation of the special needs trust. Further, Defendants Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A. have agreed to pay $3,000.00 of the attorney fees for the preparation of the special needs trust.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that the settlement and resolution of this case between Plaintiffs and United Regional Health Care System, Inc., as documented in the written Agreement of Confidential Settlement, Release, and Indemnification, and between Plaintiffs and Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A., as documented in the Confidential Settlement and Release Agreement, are in all aspects APPROVED.

It is hereby ordered that Bryce Rickman and Whitney Rickman parents of Bryce Caleb Rickman shall execute the Bryce Caleb Rickman Irrevocable Trust, under authority of 42 U.S.C. § 1396p(d)(4)(A), with CADENCE BANK, N.A. as Trustee to receive the settlement proceeds and that all proceeds approved in this settlement for the benefit of Bryce Caleb Rickman be paid over to CADENCE BANK, N.A. Trustee for the benefit of Bryce Caleb Rickman.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, inasmuch as the Court has been advised that the parties desire to keep the terms and amount of the settlement confidential, the settlement agreement will not be filed of record or introduced into evidence. However, it is ORDERED, ADJUDGED AND DECREED that the terms of the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., a Minor, and United Regional Health Care System, Inc., and the written

Confidential Settlement and Release Agreement between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, and Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. are incorporated herein and made a part of this Agreed Judgment as to United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., as if fully set forth herein. If this confidential agreement is breached, the parties may seek redress from the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims by Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., a Minor, against United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., shall be and are herein RESOLVED AND DIMISSED WITH PREJUDICE in accordance with said terms.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims by Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., a Minor, against Laura Sherman Casillas, R.N. are DIMISSED WITH PREJUDICE in accordance with the parties' Joint Stipulated Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all costs of court incurred in this case, aside from, above, and/or beyond those referenced within the written Agreement of Confidential Settlement, Release, and Indemnification, between Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., a Minor, and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A., and with the exception of Guardian Ad Litem Fees and the fees for creation of the Special Needs Trust referenced herein, shall be borne and taxed against and paid by the party which incurred the same.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., a Minor, directly or through counsel, shall resolve the Medicaid lien and the Tricare lien upon receipt of settlement funds from all parties, and Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. shall be provided a copy of the check(s) documenting payment of the Medicaid and Tricare liens in full.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that $13,125.00 represents a reasonable sum for the fees/expenses incurred for the services of Victoria Ryon, court-appointed Guardian Ad Litem for the minor child B.C.R., in connection with this settlement/resolution and Agreed Judgment as to Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., and Texoma Women's Clinic, P.A. Said amount shall be borne in equal parts by (1) United Regional Health Care System and (2) Gradie E. Moore, M.D. and Texoma Women's Clinic, P.A.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT THIS JUDGMENT IS FINAL AS TO ALL CLAIMS** asserted by Plaintiffs Whitney Rickman and Bryce Rickman, Individually and as Next Friends of B.C.R., A Minor, against Defendants United Regional Health Care System, Inc., Gradie E. Moore, M.D., Texoma

Women's Clinic, P.A., and  Laura Sherman Casillas, R.N.

**SO ORDERED** on this **21st day** of **April, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

**APPROVED:**

 */s/ Donna M. Aversano*
Paul N. Gold
State Bar No. 08069700
pgold@agtriallaw.com
Donna M. Aversano
State Bar No. 00783573
daversano@agtriallaw.com

AVERSANO & GOLD
933 Studewood, 2nd Floor
Houston, Texas 77008
Tel. (713) 426-5600
Fax (713) 426-5601

***ATTORNEYS FOR PLAINTIFFS***

*/s/Victoria L. Ryon*

Victoria Ryon
State Bar No. 24068600
vryon@ryonlaw.com

RYON LAW PLLC
950 East State Highway 114, Suite 160
Southlake, TX 76092
Tel. (817) 722-5880
Fax (817) 394-5514

***GUARDIAN AD LITEM ATTORNEY***

  */s/ Stephen A. Madsen*
Stephen A. Madsen
State Bar No. 12802500
smadsen@canteyhanger.com
Brian C. Brisco
State Bar No. 24073957
bbrisco@canteyhanger.com

CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Tel. (817) 877-2800
Fax (817) 877-2807

Joseph A. Farchione
CO Bar: 44446 (*Pro Hac Vice*)
farchione@wtotrial.com
Michele On-ja Choe
CO State Bar: 43656 *(Pro Hac Vice)*
choe@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Tel:  (303) 244-1800
Fax:  (303) 244-1879

*ATTORNEY FOR DEFENDANTS*
*UNITED REGIONAL HEALTH CARE SYSTEM, INC.*
*AND LAURA SHERMAN CASILLAS, R.N.*


        */s/ David Criss*
David Criss
State Bar No.
00796417
dcriss@criss-law.com

CRISS LAW GROUP PLLC
4849 Greenville Avenue, Suite 1670
Dallas, Texas 75206
Tel. (214) 691-0003
Fax (214) 691-0016

*ATTORNEY FOR DEFENDANTS*
*GRADIE MOORE, M.D. AND*
*TEXOMA WOMEN'S CLINIC, P.A.*